# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

## SUCV2012-03746
## Rice Cameron v Wal-Mart Stores Inc et al

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **File Date** | 10/12/2012 | **Status** | Disposed: transfered to other court (dtrans) | | | | | |
| **Status Date** | 11/20/2012 | **Session** | D - Civil D, 3 Pemberton Sq, Boston | | | | | |
| **Origin** | 1 - Complaint | **Case Type** | B15 - Defamation/libel/slander | | | | | |
| **Track** | A - Average track | **Lead Case** | | | | **Jury Trial** | Yes | |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 02/09/2013 | 12/06/2013 | 10/02/2014 | 11/01/2014 | | |
| **Filed By** | 01/10/2013 | 02/09/2013 | 03/11/2013 | 01/05/2014 | | 12/01/2014 | | 09/27/2015 |
| **Heard By** | | | 04/10/2013 | 01/05/2014 | | | 03/31/2015 | |

### PARTIES

**Plaintiff**
Shirley Rice Cameron
Active 10/12/2012

**Defendant**
Wal-Mart Stores Inc
Service pending 10/12/2012

**Private Counsel** 647085
Christopher B. Kaczmarek
Littler Mendelson PC
1 International Place
Suite 2700
Boston, MA 02110
Phone: 617-378-6017
Fax: 617-507-8046
Active 11/14/2012 Notify

**Private Counsel** 682118
Joseph A Lazazzero
Littler Mendelson PC
One International Place
Suite 2700
Boston, MA 02110-3005
Phone: 617-378-6000
Fax: 617-737-0052
Active 11/14/2012 Notify

**Private Counsel** 647085
Christopher B. Kaczmarek
Littler Mendelson PC
1 International Place
Suite 2700
Boston, MA 02110
Phone: 617-378-6017
Fax: 617-507-8046
Active 11/19/2012 Notify

MASXP-20110425  
leakes

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

11/20/2012
01:31 PM

## SUCV2012-03746
## Rice Cameron v Wal-Mart Stores Inc et al

Private Counsel 682118
Joseph A Lazazzero
Littler Mendelson PC
One International Place
Suite 2700
Boston, MA 02110-3005
Phone: 617-378-6000
Fax: 617-737-0052
Active 11/19/2012 Notify

**Defendant**
ESCREEN Inc
Service pending 10/12/2012

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/12/2012 | 1.0 | Complaint & Jury Demand on all Issues |
| 10/12/2012 | | Origin 1, Type B15, Track A. |
| 10/12/2012 | 2.0 | Civil action cover sheet filed($300,000.00) |
| 11/19/2012 | | Copy of Petition for Removal to US Dist Court of defendant Wal-Mart Stores, Inc., (US Dist #12-cv-12149) |
| 11/20/2012 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON
Nov. 28, 2012 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 12-3746 D

SHIRLEY RICE CAMERON,
    Plaintiff
v.
WAL-MART STORES, INC. and ESCREEN, INC.,
    Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This Complaint alleges negligence and libel against the various Defendants.

### PARTIES

1. The plaintiff, Shirley Rice Cameron, is a resident of Boston, Massachusetts, County of Suffolk;

2. The defendant, Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware Corporation which regularly conducts and solicits business in Suffolk County, Massachusetts.

3. The defendant, ESCREEN, Inc. ("Escreen") is a Delaware Corporation which regularly conducts and solicits business in Massachusetts;

### STATEMENT OF FACTS

4. The Plaintiff was employed by Wal-Mart from November 1, 2005 through July 29, 2011;

5. The Plaintiff's employment was terminated by Wal-Mart due to the results of a drug screening test which occurred on June 27, 2011;

6. The drug screening test allegedly screened positive for opiates at unacceptable levels;

7. The drug screening test was conducted by Escreen at the request of Walmart;

8. Escreen reported the details of the results of the test to Wal-Mart by correspondence dated August 10, 2011;

9. The August 10, 2011 correspondence from Escreen alleges that a medical review officer ("MRO"), an employee of Escreen, interviewed the Plaintiff on June 30, 2011 and determined that the test results could not be related to her medical history;

10. At no time did Escreen attempt to determine whether the test results were due to medications which were prescribed to the Plaintiff;

11. At no time did Escreen attempt to contact the Plaintiff's treating physicians, or obtain the Plaintiff's medical or prescription records;

12. During the June 30, 2011 MRO interview, the Plaintiff informed the MRO of her medical history and her use of prescription medicines which contain opiates;

13. The Plaintiff's use of prescription opiates was not reported to Wal-Mart by the MRO;

14. On June 26, 2011, while on her overnight stocking shift, fell and was injured. Plaintiff returned to work on July 18, 2011;

15. Following her injury, the Plaintiff went to the emergency room where she was prescribed Tylenol with Codeine;

16. It was the Plaintiff's legal use of the Tylenol with Codeine which caused the positive test results;

17. Following receipt of the test results, the Plaintiff was interviewed by Wal-Mart, at which time she reiterated her use of the prescription medication as the cause of the failed drug screening;

18. At no time did any Wal-Mart employee contact any of Plaintiff's medical providers regarding Plaintiff's use of prescription opiates which the Plaintiff claimed had caused the positive test results;

19. On or about February 2, 2012, Plaintiff presented a letter from her primary care physician explicitly informing Wal-Mart of their error regarding the termination of Plaintiff's employment;

20. As a result of receiving this letter, Wal-Mart took no action whatsoever;

21. Because the Plaintiff was injured at work, Wal-Mart was fully aware of her hospital emergency room visit, and had ready access to those records;

22. At no time did Wal-Mart ever attempt to check or verify the Plaintiff's self-reported use of prescription medication containing opiates;

## COUNT I-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS -DEFENDANT WAL-MART

23. The Plaintiffs repeat the allegation of paragraphs 1 through 22;
24. Through its actions, the Defendant negligently inflicted emotional distress upon the Plaintiff;
25. The actions of the Defendant were the cause of the Plaintiffs' distress, and
26. As the result of the Defendants' negligence, the Plaintiff has reasonably suffered physical harm manifested by objective symptomatology;
27. As the direct result, the Plaintiff has suffered emotional distress, has been caused to suffer financial hardship, lost income past and future, loss of earning capacity, costs, and attorney fees;

WHEREFORE, the Plaintiff demands judgment for damages, past, present, and future, for emotional distress, financial hardship, lost income, loss of earning capacity, costs, and attorney fees;

## COUNT II-NEGLIGENCE -DEFENDANT WAL-MART

28. The Plaintiffs repeat the allegation of paragraphs 1 through 27;
29. Through its actions, the Defendant negligently caused the Plaintiff to lose her employment;
30. The actions of the Defendant were the cause of the Plaintiffs' distress, loss of income and benefits, loss of reputation, and loss of future earning capacity;
31. As the direct result, the Plaintiff has suffered emotional distress, has been caused to suffer financial hardship, loss of reputation, lost income past and future, loss of earning capacity, costs, and attorney fees;

WHEREFORE, the Plaintiff demands judgment for damages, past, present, and future, for emotional distress, financial hardship, loss of reputation, lost income and benefits, loss of earning capacity, costs, and attorney fees;

## COUNT III-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS -DEFENDANT ESCREEN

32. The Plaintiffs repeat the allegation of paragraphs 1 through 31;
33. Through its actions, the Defendant negligently inflicted emotional distress upon the Plaintiff;
34. The actions of the Defendant were the cause of the Plaintiffs' distress, and
35. As the result of the Defendants' negligence, the Plaintiff has reasonably suffered physical harm manifested by objective symptomatology;
36. As the direct result, the Plaintiff has suffered emotional distress, has been caused to suffer financial hardship, lost income past and future, loss of earning capacity, costs, and attorney fees;

WHEREFORE, the Plaintiff demands judgment for damages, past, present, and future, for emotional distress, financial hardship, lost income, loss of earning capacity, costs, and attorney fees;

## COUNT IV-NEGLIGENCE -DEFENDANT ESCREEN

37. The Plaintiffs repeat the allegation of paragraphs 1 through 36;
38. Through its actions, the Defendant negligently caused the Plaintiff to lose her employment;
39. The actions of the Defendant were the cause of the Plaintiffs' distress, loss of income and benefits, loss of reputation, and loss of future earning capacity;
40. As the direct result, the Plaintiff has suffered emotional distress, has been caused to suffer financial hardship, loss of reputation, lost income past and future, loss of earning capacity, costs, and attorney fees;

WHEREFORE, the Plaintiff demands judgment for damages, past, present, and future, for emotional distress, financial hardship, loss of reputation, lost income and benefits, loss of earning capacity, costs, and attorney fees;

## COUNT V-LIBEL -DEFENDANT ESCREEN

41. The Plaintiffs repeat the allegation of paragraphs 1 through 40;
42. Through its actions, the Defendant committed libel and caused the Plaintiff to lose her employment;
43. The actions of the Defendant were the cause of the Plaintiffs' distress, loss of income and benefits, loss of reputation, and loss of future earning capacity;
44. As the direct result, the Plaintiff has suffered emotional distress, has been caused to suffer financial hardship, loss of reputation, lost income past and future, loss of earning capacity, costs, and attorney fees;

WHEREFORE, the Plaintiff demands judgment for damages, past, present, and future, for emotional distress, financial hardship, loss of reputation, lost income and benefits, loss of earning capacity, costs, and attorney fees;

By Plaintiff's Attorney,

Paul R. Chomko, Esquire
BBO No. 637716
Alford & Bertrand, LLC
60 Arsenal Street
P.O. Box 322
Watertown, Massachusetts 02471-0322
(617)-926-8800
paul@alfordbertrand.com

Now come the Plaintiff and demand a trial by jury on all matters.

Paul R. Chomko, Esquire

I HEREBY ATTEST AND CERTIFY ON
Nov. 28, 2012, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY_____
      Asst. Clerk

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. 12-3746D |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Shirley Rice Cameron | Wal-Mart Stors, Inc. and ESCREEN, INC. |

Plaintiff Atty: Paul R. Chomko, Esq.
Address: Alford & Bertrand LLC, PO Box 322
City: Watertown  State: MA  Zip Code: 02471
Tel.: +1 (617) 926-8800  BBO#: 637,716

Type Defendant's Attorney Name
Defendant Atty:
Address:
City:  State:  Zip Code:

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)
CODE NO.   TYPE OF ACTION (specify)   TRACK   IS THIS A JURY CASE?

B15 Defamation (Libel-Slander) - Average Track

(•) ] Yes  ( ) ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses  $
 2. Total doctor expenses  $
 3. Total chiropractic expenses  $
 4. Total physical therapy expenses  $
 5. Total other expenses (describe)  $
  Subtotal  $
B. Documented lost wages and compensation to date  $10,000.00
C. Documented property damages to date  $
D. Reasonably anticipated future medical expenses  $150,000.00
E. Reasonably anticipated lost wages and compensation to date  $
F. Other documented items of damages (describe)  $160,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff lost her employment with Wal-Mart due to the negligence of Wal-Mart and Escreen and libel by Escreen regarding interpretation of a drug screen test.

Total $ 300,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL  $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

AI hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.•
Signature of Attorney of Record _____  Date: Aug 21, 2012
A.O.S.C. 3-2007

I HEREBY ATTEST AND CERTIFY ON
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                       SUPERIOR COURT DEPARTMENT
                                                   OF THE TRIAL COURT

| SHIRLEY RICE CAMERON, | Civil Action No. |
|---|---|
| Plaintiff | SUCV2012-03746 |
| v. | U.S. Dist# |
| WAL-MART STORES, INC. and ESCREEN, INC., | 12-CV-12149 |
| Defendants. | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wal-Mart Stores, Inc., by its undersigned counsel, hereby gives notice to the Superior Court of Suffolk County, Massachusetts, and to the attorney of record for Plaintiff Shirley Rice Cameron that, on November 16, 2012, Defendant filed a Notice of Removal, thereby removing this Action to the United States District Court for the District of Massachusetts. A copy of the Notice of Removal is attached hereto.

Respectfully submitted,

WAL-MART STORES, INC.

By its attorneys,

_____
Christopher B. Kaczmarek (No. 647085)
Joseph A. Lazazzero (No. 682118)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000 (t)
(617) 737-0052 (f)
ckaczmarek@littler.com
jlazazzero@littler.com

Dated: November 16, 2012

I HEREBY ATTEST AND CERTIFY ON
Nov. 28, 2012, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
    Asst. Clerk

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November 2012, a true copy of the foregoing Notice of Filing of Notice of Removal was served via first class mail upon eScreen, Inc. and the attorney of record for plaintiff:

Paul R. Chomko
Alford & Bertrand, LLC
60 Arsenal Street
PO Box 322
Watertown, MA  02471-0322

_____
Christopher B. Kaczmarek

Firmwide:116075182.1 015602.8277

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHIRLEY RICE CAMERON,<br>　　　　Plaintiff<br>v.<br>WAL-MART STORES, INC. and ESCREEN, INC.,<br>　　　　Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

Defendant Wal-Mart Stores, Inc. ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446 and hereby removes this action from the Suffolk County Superior Court (the "Superior Court") to the United States District Court for the District of Massachusetts. As its reasons for removal, Defendant states as follows:

1. On or about October 12, 2012, plaintiff Shirley Rice Cameron filed a lawsuit in the Superior Court titled <u>Shirley Rice Cameron v. Wal-Mart Stores, Inc. and ESCREEN, Inc.</u> (the "Pending Action").

2. Defendant's registered agent for service of process was served with a copy of the Summons and Complaint on October 26, 2012. Upon information and belief, no proof of service has been filed in the Superior Court regarding the only other named defendant in this case, eScreen, Inc. Therefore, this Notice of Removal is timely. See 28 U.S.C. § 1446(b).

3. This Court also has diversity jurisdiction over the Pending Action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Plaintiff is a resident of the Commonwealth of Massachusetts. See Compl. ¶ 1. Defendant Wal-Mart Stores, Inc. is an entity organized under the laws of the State of Delaware,

with a principal place of business in Arkansas. Defendant eScreen, Inc. is organized under the laws of the State of Delaware, with its corporate headquarters located in Overland Park, Kansas. Thus, there is complete diversity among the parties.

5. Although Plaintiff's Complaint does not specify the precise amount of damages sought, there is more than a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. In her Complaint, Plaintiff seeks the full panoply of damages available to her under applicable law, including emotional distress damages, lost income and benefits, and loss of earning capacity. See Compl. at pp. 3-5. Moreover, in the Civil Action Cover Sheet filed by Plaintiff in the Superior Court (a copy of which is attached as part of Exhibit A hereto), Plaintiff claims that she suffered $300,000.00 in damages, including $150,000 in medical expenses alone. As a result, there is more than a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. Accordingly, this Court has jurisdiction over the Pending Action pursuant to 28 U.S.C. § 1332(a).

6. Attached hereto as Exhibit A is true and correct copy of all process, pleadings (including the Summons and Complaint), and orders served on Defendant in the Pending Action. See 28 U.S.C. § 1446(a).

7. The Pending Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Suffolk County, Massachusetts, which lies within this District.

8. A true and complete copy of this Notice of Removal has been served this day by overnight delivery upon the Clerk of the Suffolk County Superior Court for filing in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B, the original of which is being filed with the Suffolk County Superior Court

Civil Clerk. This Notice of Removal and a Notice of Filing of Notice of Removal have also been served this day via first class mail upon Plaintiff's counsel.

                                                Respectfully submitted,

                                                WAL-MART STORES, INC.

                                                By its attorneys,

                                                /s/ Christopher B. Kaczmarek
                                                Christopher B. Kaczmarek (No. 647085)
                                                Joseph A. Lazazzero (No. 682118)
                                                LITTLER MENDELSON, P.C.
                                                One International Place, Suite 2700
                                                Boston, MA 02110
                                                (617) 378-6000 (t)
                                                (617) 737-0052 (f)
                                                ckaczmarek@littler.com
                                                jlazazzero@littler.com

Dated: November 16, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November 2012, a true copy of the foregoing Notice of Removal was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing, as well as via first class mail upon eScreen, Inc. and the attorney of record for plaintiff:

>Paul R. Chomko
>Alford & Bertrand, LLC
>60 Arsenal Street
>PO Box 322
>Watertown, MA 02471-0322

>/s/ Christopher B. Kaczmarek
>Christopher B. Kaczmarek

Firmwide:116075127.1 015602.8277

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHIRLEY RICE CAMERON

**DEFENDANTS**
WAL-MART STORES, INC. and ESCREEN, INC.

(b) County of Residence of First Listed Plaintiff **Suffolk**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Paul R. Chomko
Alford & Bertrand, LLC
60 Arsenal Street, PO Box 322
Watertown, MA 02471
617.926.8800

Attorneys *(If Known)*
Christopher B. Kaczmarek
Littler Mendelson, P.C.
One International Place, Suite 2700
Boston, MA 02110
617.378.6000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**: 110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excl. Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**TORTS — PERSONAL INJURY**: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury; 362 Personal Injury - Med. Malpractice

**TORTS — PERSONAL INJURY**: 365 Personal Injury - Product Liability; 367 Health Care/Pharmaceutical Personal Injury Product Liability; 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**REAL PROPERTY**: 210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**CIVIL RIGHTS**: 440 Other Civil Rights; 441 Voting; [x] 442 Employment; 443 Housing/Accommodations; 445 Amer. w/Disabilities - Employment; 446 Amer. w/Disabilities - Other; 448 Education

**PRISONER PETITIONS**: 510 Motions to Vacate Sentence; **Habeas Corpus:** 530 General; 535 Death Penalty; 540 Mandamus & Other; 550 Civil Rights; 555 Prison Condition; 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**: 625 Drug Related Seizure of Property 21 USC 881; 690 Other

**LABOR**: 710 Fair Labor Standards Act; 720 Labor/Mgmt. Relations; 740 Railway Labor Act; 751 Family and Medical Leave Act; 790 Other Labor Litigation; 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**: 462 Naturalization Application; 463 Habeas Corpus - Alien Detainee (Prisoner Petition); 465 Other Immigration Actions

**BANKRUPTCY**: 422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: 820 Copyrights; 830 Patent; 840 Trademark

**SOCIAL SECURITY**: 861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant); 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**: 375 False Claims Act; 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; 480 Consumer Credit; 490 Cable/Sat TV; 850 Securities/Commodities/Exchange; 890 Other Statutory Actions; 891 Agricultural Acts; 893 Environmental Matters; 895 Freedom of Information Act; 896 Arbitration; 899 Administrative Procedure Act/Review or Appeal of Agency Decision; 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:
Plaintiff alleges employment termination due to negligence of Defendants regarding interpretation of drug screen and libel against Defendant eScreen.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $300,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: November 16, 2012

SIGNATURE OF ATTORNEY OF RECORD
/s/ Christopher B. Kaczmarek

**FOR OFFICE USE ONLY**